UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| MICHAEL SHAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-40 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| KENNETH MCKEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. The Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c),  to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Upon initial review, the Court concludes that the Complaint is not frivolous and states at least one cognizable claim.  However, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Because Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies as to Defendants B. Meagher and T.M. Birkett, the Court will dismiss his Complaint without prejudice against these two Defendants.  The Court has determined that Plaintiff has exhausted his

administrative remedies as to the remaining three Defendants, and the Complaint will be served on those Defendants.

## Discussion

I.    Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility.  In his *pro se* Complaint, he sues Kenneth McKee, Warden at the Bellamy Creek Correctional Facility (IBC); IBC correctional officers (Unknown) Pung and R. McWilliams; B. Meagher, Deputy Warden at the Standish Maximum Security Correctional Facility (SMF); and T.M. Birkett, SMF Warden.

Plaintiff claims that in October 2004 he was housed in the protective custody unit at IBC.  On October 22, 2004, Officer Pung left his security post in the dining hall, leaving Plaintiff and twenty-four other inmates unattended. One of the inmates approached Plaintiff and began assaulting him. Neither Defendant Pung nor Defendant Williams, who was stationed nearby, came to the dining hall until after Plaintiff had sustained injuries requiring medical attention.  Plaintiff was placed in segregation and issued a misconduct report for assault and battery.  After being found guilty of misconduct, Plaintiff was transferred to administrative segregation, where he remained until March 2005.  On March 9, 2005, Plaintiff was transferred to administrative segregation at SMF, allegedly in retaliation for the grievances he filed regarding the incident.  Plaintiff alleges that it was a common occurrence for staff to leave the dining hall, and for inmates to take the opportunity to assault other inmates.  Despite grievances from various victims, Warden McKee failed to investigate thoroughly or take any corrective action.

For relief, Plaintiff requests compensatory and punitive damages, and an order directing that he be transferred from SMF to IBC and housed in protective custody.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Michigan Department of Corrections ("MDOC") provides a three-step prison grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03).  In order to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process.  *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).  Plaintiff filed nine

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has used the form complaint in this action .

grievances concerning each of the issues he raises in his lawsuit, which he pursued through Step III

of the grievance process, and one grievance directly to Step III.[2]  However, a prisoner must also

"administratively exhaust his . . . claim as to each defendant associated with the claim."  *Id.*; *accord*

*Thomas v. Woolum,* 337 F.3d 720, 735 (6th Cir. 2003); *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.

2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue");

*Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues

[plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues

raised, and the specific individuals mentioned, in his grievance.").  To exhaust a claim against a

particular defendant, a prisoner must have "alleged mistreatment or misconduct on the part of the

defendant at Step I of the [MDOC] grievance process."  *Burton*, 321 F.3d at 574.    Raising

allegations against a particular defendant for the first time at Step II or III is insufficient to

demonstrate exhaustion.  *Id.* at 576 n.4.

   A review of the ten grievances Plaintiff has submitted shows that he named

Defendants Pung, McWilliams and McKee at Step I.  However, he failed to named Defendants

Birkett or Meagher until Step III of the grievance process.  (*See* Pl. Ex. A-1, Grievance No. SMF-05-

05-1076-28A).    Accordingly, Plaintiff has failed to exhaust his administrative remedies as to

Defendants Birkett or Meagher.

   Because Plaintiff's action contains both exhausted and unexhausted claims, the Court

must now determine whether to dismiss the entire action pursuant to the "total exhaustion" rule or

dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule.  The Sixth Circuit

---

[2] *See* Pl.'s Exs. 1-10, Grievance Nos.: IBC-04-11-4893-28E; IBC-04-11-4618-27A; IBC-05-03-1034-25E; IBC
-05-03-1092-28E; IBC-05-01-246-28E; IBC-05-01-1362-28B; IBC-05-02-822-17E; IBC-05-04-1513-28C; SMF-05-05-
1076-28A; and SMF-06-05-1077-28A.

recently held in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Id.* at 805.  The Court has reviewed the *Jones Bey* decision and cannot, in good conscience, apply *Jones Bey* because it is void under Sixth Circuit law.  It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (discussing the effect of published opinions by previous panels)); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court *en banc* consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)).

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4).  The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

- 5 -

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Moreover, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.* Accordingly, the Court must dismiss the Complaint against the unexhausted Defendants, B. Meagher and T.M. Birkett.

III.  Complaint against remaining three Defendants

Upon initial review, the Court concludes that Plaintiff's allegations against Officer (Unknown) Pung, Officer R. McWilliams and Kenneth McKee are not frivolous and state at least one cognizable claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss this action without prejudice against Defendants B. Meagher and T.M. Birkett because Plaintiff has failed to exhaust his claims against these Defendants. The Court will order service of the Complaint on Defendants Pung, McWilliams and McKee.

An Order and Partial Judgment consistent with this Opinion will be entered.

 /s/ Richard Alan Enslen     
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
     February 10, 2006          SENIOR UNITED STATES DISTRICT JUDGE

- 6 -